## NEIPLING v MESSENGER

Common Pleas Court, Huron Co.

Decided November 24, 1934.

Young & Young, Norwalk, for plaintiff.

John D. Priddy, Findlay, and Chas. Blackford, Findlay, for defendant.

### OPINION

OVERMYER, J., of Sandusky County, (orally):

The court has heard the evidence in open court on the motion for a new trial involving the separation of the jurors after they had been locked up for deliberation, and the evidence is undisputed, and it apparently is a clear-

ly proven fact, that perhaps one hour after the jury had retired for deliberation in this case, and were locked in by the bailiff, one of the jurors unlocked the door of the jury room from the inside. which is possible, and leaving the other eleven jurors in the jury room and continuing their deliberations, he came down from the third floor of the court house, where the jury room is located, to the second floor of the court house, walked about the corridors, went into the clerk's office, asked the clerk if he could use the telephone, and did use the telephone and talked with someone, the telephone being locatd perhaps twenty feet from the point where the clerk was working. And while the clerk did not hear the conversation over the telephone, he saw this juror talking to someone over the phone. Thereupon the clerk reported the matter to the court bailiff, who had not remained at the door of the jury room after locking the jury in, but went about some other duties temporarily and upon being advised that this juror was walking about the court house the bailiff immediately returned to the jury room and found then that the twelve jurors were back in the jury room.

Upon this state of facts, and not assuming that there was anything improper in the juror's intentions in the matter, the question is presented to the court as to whether a verdict rendered by the jury later, under the circumstances. would be a valid verdict. The court has given the matter due consideration for the past few days, having just learned of it three days ago. The statute provides for a jury of twelve jurors, unless a less number is agreed to by the parties. The law further provides, and it is universally understood and practiced, that after twelve jurors are locked in a room for deliberation they must not separate except upon permission and order and caution by the court.

However innocent the conduct of this juror in this case may have been, if this court were to say that such conduct does not constitute error, and say that a verdict later rendered after such separation is a valid verdict, it would be establishing a precedent which would strike at the very roots of our jury system. And if that were permitted to be done in one case it could be done in other cases, and would open the door to a situation which this court does not care to contemplate.

I have never heretofore heard of a situation such as that, and can find no precedent in the books, but as a matter of common sense, as a matter of protecting the secrecy of the deliberation of the jurors after the case has been submitted to them, this court feels that it would be an injustice to permit a verdict to stand which had been returned by a jury which were not all present in the jury room during the deliberation; it would open the door to all sorts of possible fraud and misconduct on the part of jurors, and is too dangerous a thing to permit, and in the state of the evidence here the court can do nothing else but grant the motion for a new trial on that ground alone.

There is a further matter that has been presented to the court, and that is that the court was required in this case on the trial to charge on the question of unavoidable accident, because the case had previously been reversed because of failure so to charge on a former trial by another court. Since that time our Supreme Court has held that where the petition charges negligence against a defendant, and the defendant, in his answer, denies his negligence and charges the plaintiff with contributory negligence, then in such a situation the question of unavoidable accident is not in the case and should not be charged, and it is very likely that on that ground also this verdict would have to be set aside and a new trial granted.